## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| **MARY MILTIADES, as Executrix of the Estate of William Arthur Miltiades, Jr.,**<br><br>    **Plaintiff,**<br><br>**vs.**<br><br>**ULTIMATE EARTH, LLC d/b/a ULTIMATE KILIMANJARO; ULTIMATE EARTH, LLC; KEVIN HWANG; and UEX, LLC d/b/a ULTIMATE EXPEDITIONS,**<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **Civil Action No.: 4:25-CV-00224-RSB-**<br>)    **CLR**<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' ANSWER AND COUNTERCLAIM

Ultimate Earth, LLC d/b/a Ultimate Kilimanjaro, Ultimate Earth, LLC, Kevin Hwang, and UEX, LLC d/b/a Ultimate Expeditions (collectively "Defendants") respond to Plaintiff's Complaint as follows:

## FIRST DEFENSE

The Complaint fails to state a claim against Defendants upon which relief can be granted. Without limitation, the Complaint fails to state a claim against Defendant Kevin Hwang in his individual capacity. The Complaint fails to include any allegations whatsoever for any acts or omissions that he personally undertook or for which he should be personally liable, and in doing so it ignores the corporate formalities and protections (particularly the liability protections) afforded to Mr. Hwang as a member of limited liability companies.

## SECOND DEFENSE

Jurisdiction is lacking as to Mr. Hwang, who must be dismissed. *See* Defendant Kevin Hwang's Motion to Dismiss (concurrently filed).

## THIRD DEFENSE

The Complaint and its claims are barred by the Acknowledgement and Assumption of Risk, Release and Indemnification Agreement ("Release Agreement") executed by William Arthur Miltiades, Jr. ("Decedent").

## FOURTH DEFENSE

The Complaint and its claims are barred, in whole or in part, by the doctrines of contributory negligence, comparative negligence, avoidance, failure to mitigate, and failure to look out for one's own safety. Without limitation, Decedent failed to use ordinary care to protect his own safety and failed to use ordinary care to avoid any alleged negligence of any Defendant or any alleged dangerous condition existing on Mount Kilimanjaro. To the extent Decedent suffered symptoms of acute mountain sickness (or any similar or related malady) prior to his death, he actively concealed such symptoms and failed to disclose them to any Defendant or any of their agents, independent contractors, employees, or guiding partners. Furthermore, upon information and belief, Decedent secretly brought alcohol on the climb and may have consumed the same despite being expressly prohibited from doing so and being expressly forewarned that alcohol consumption is "very dangerous at high altitudes."

## FIFTH DEFENSE

The Complaint and its claims are barred by the assumption of risk doctrine because Decedent (1) had actual knowledge of the danger, (2) understood and appreciated the risks associated with such danger, and (3) voluntarily exposed himself to those risks.

### SIXTH DEFENSE

Under O.C.G.A. § 51-12-33, Plaintiffs' recovery against Defendants in this action, if any, must be reduced by the jury's apportionment of its award of damages, if any, among the persons and/or entities who are or could be responsible or liable according to the percentage of fault of each person, including Decedent and any non-parties designated by any party. Without limitation, recovery is barred pursuant to O.C.G.A. § 51-12-33(g) because Decedent is 50% or more responsible for the injury and damages claimed.

### SEVENTH DEFENSE

The Complaint and its claims are barred because no negligent act or omission or failure to warn on any Defendant's part or on the part of any of any of their agents, independent contractors, employees, or guiding partners proximately caused any injuries to Decedent. Without limitation, none of the Defendants breached any duty or obligation to Decedent.

### EIGHTH DEFENSE

The Complaint and its claims are barred by the failure to join at least one indispensable party.

### NINTH DEFENSE

The Complaint and its claims barred and should be dismissed because the injuries to and death of Decedent were caused by an accident, an act of God, or the acts or failures to act of others, including Decedent, for whose actions Defendants are not responsible.

### TENTH DEFENSE

The Complaint does not state or support any claim against Defendants which would authorize or entitle Plaintiff to recover interest or costs or expenses of litigation, including attorney's fees.

Subject to the preceding defenses, and without waiving any of said defenses, Defendants answer the specific allegations of the Complaint as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Admitted.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and therefore deny the same.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and therefore deny the same.

4. Defendants admit that Defendant Ultimate Earth, LLC is a Wyoming limited liability company with its principal place of business located in Sheridan, Wyoming, and that it can be served with process via Registered Agents, Inc., 30 N. Gould St., Sheridan, Wyoming 82801.  The remaining allegations contained in Paragraph 4 of the Complaint are denied.

5. Defendants admit that Defendant Ultimate Earth, LLC d/b/a Ultimate Kilimanjaro is a Wyoming limited liability company with its principal place of business located in Sheridan, Wyoming, and that it can be served with process via Registered Agents, Inc., 30 N. Gould St., Sheridan, Wyoming 82801.  The remaining allegations contained in Paragraph 5 of the Complaint are denied.

6. Admitted.

7. Denied.

8. Defendant Hwang denies that he is subject to jurisdiction.  *See* Defendant Kevin Hwang's Motion to Dismiss (concurrently filed).  The remaining Defendants do not challenge jurisdiction.

4

9.      Denied as stated.  By way of further response, Defendant Hwang denies that he is subject to jurisdiction.  *See* Defendant Kevin Hwang's Motion to Dismiss (concurrently filed). The remaining Defendants do not challenge jurisdiction.

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore deny the same.

11.     Denied.

12.     Defendants do not challenge venue, except for Defendant Hwang who is not subject to jurisdiction.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations remaining contained in Paragraph 12 of the Complaint, and therefore deny the same.

**FACTS**

13.     Defendants incorporate the preceding paragraphs as if fully set forth herein.

14.     Defendants admit that Decedent died on August 31, 2023.  The remaining allegations contained in Paragraph 14 of the Complaint are denied.  Defendants further respond that Decedent was under the supervision and guidance of DCXP Limited d/b/a Private Expeditions (a company registered in the United Kingdom), Expedition Adventures Limited (a company registered in the United Kingdom), Trek DMC Kilimanjaro, and/or their subsidiaries, agents, employees, or contractors at the time of his passing.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore deny the same. Specifically and without limitation, Defendants lack knowledge about what research Decedent undertook before the trip.  By way of further response, Defendants note that the subject website contains numerous safety warnings, including the following:



**Safety on Mount Kilimanjaro**

Climbing Kilimanjaro is probably one of the most dangerous things you will ever do. Every year, approximately 1,000 people are evacuated from the mountain, and approximately 10 deaths are reported. The actual number of deaths might be higher.

The main cause of death is altitude sickness. Everyone climbing Mount Kilimanjaro should be familiar with the symptoms of altitude sickness. And everyone climbing Kilimanjaro should choose an operator like Ultimate Kilimanjaro® that has the proper safety systems in place.

Similarly, the following information was sent via email before the trip:

> Climbing Kilmanjaro is probably one of the most dangerous things you will ever do. Every year, approximately 1,000 people are evacuated from the mountain, and approximately 10 deaths are reported. The main cause of death is attitude sickness. Everyone climbing Mount Kilminajaro should be familiar with the symptoms of altitute sickness.
>
> . . .
>
> It is important that you be open, active and honest with your guide. If you do not feel well, do not try to pretend you are fine. Do not mask your symptoms and say you feel OK. Only with accurate information can your guide best treat you.

Finally, Decedent executed a Release Agreement (defined in the Counterclaim below) pursuant to which he acknolwedged the precise risks at issue. *See* Counterclaim ¶¶ 4, 5.

16.    Denied.

17.    Admitted.

18.    Denied.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore deny the same.

20.     Defendants admit that the health check form lists symptoms of pulmonary edema, but deny any allegation or implication that Decedent was reported to have any of these symptoms. To the contrary, the health check form filled out by Decedent indicates that Decedent self-reported zero symptoms everyday of the trek, with the exception of one day at least four days before he passed away where he indicated that his sleep the night before was merely "OK" instead of "Good."   Defendants deny any remaining allegations of Paragraph 20 of the Complaint not expressly admitted herein.

21.     Denied.  By way of further response, Defendants deny any allegation or implication that the guides were aware of Decedent's alleged conditions or symptoms before Decedent reached the summit.   They were unaware of any conditions or symptoms allegedly being suffered by Decedent until shortly before 9:55 a.m. on the day of his passing, at which time the guides immediately sought a safe place for Decedent to rest and began administering treatment.  Decedent passed away approximately thirty-five minutes later, around 10:30 a.m.

22.     Defendants admit that on or about August 31, 2023, at approximately 9:55 a.m., Defendant was administered oxygen treatment, and that he subsequently collapsed and lost consciousness.  Defendants deny any remaining allegations of Paragraph 22 of the Complaint not specifically admitted herein.  Specifically and without limitation, Defendants deny any allegation or implication that they or the tour guides had any knowledge that Decedent experienced "hours" of "severe symptoms" prior to approximately 9:55 a.m.

23.     Admitted.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 24 of the Complaint, and therefore deny the same.

## CAUSES OF ACTION

### Count One:  Gross Negligence

25.     Defendants incorporate the preceding paragraphs as if fully set forth herein.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

### Count Two:  Attorney's Fees

32.     Defendants incorporate the preceding paragraphs as if fully set forth herein.

33.     Denied.

34.     Denied.

35.     Denied.

WHEREFORE, having fully responded to the allegations contained in the Complaint, and

having presented their defenses thereto, Defendants request:

(a) That Plaintiff take nothing by her Complaint and that her claims against Defendants

be dismissed with prejudice;

(b) That the Court enter judgment in Defendants' favor;

(c) That all costs, including attorney's fees and expenses, be borne by Plaintiff; and

(d) That the Court award Defendants such other and further relief as may be just and proper.

## COUNTERCLAIM

Counterclaim Plaintiffs Ultimate Earth, LLC d/b/a Ultimate Kilimanjaro, Ultimate Earth, LLC, and UEX, LLC d/b/a Ultimate Expeditions (collectively "Counterclaim Plaintiffs") hereby counterclaim against Mary Miltiades, as Executrix of the Estate of William Arthur Miltiades, Jr. ("Counterclaim Defendant") showing as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Counterclaim Defendant alleges that William Arthur Miltiades, Jr. ("Decedent") was a resident of Chatham County, Georgia at the time of his death.  Compl. ¶ 1.

2. By filing the subject action, which is subject to removal, Counterclaim Defendant has availed herself of the jurisdiction of this Court.

3. Jurisdiction and venue are proper in this Court.  *See* Notice of Removal (Doc. 1).

## GENERAL ALLEGATIONS

4. In connection with the subject trip, Decedent signed certain contractual documents, including an Acknowledgment and Assumption of Risk, Release and Indemnification Agreement ("Release Agreement"), attached hereto as Exhibit 1.

5. Under the Release Agreement, Decedent acknowledges and agrees, among other things, that:

    a. During the trip, he may be subjecting himself to dangers and hazards that could result in his death.  Release Agreement § 1.

    b. Such dangers and hazards include, among other things, acute mountain sickness and pulmonary edema.  Release Agreement § 1.

9

c. Medical services and facilities may not be available or accessible during the trip. Release Agreement § 1.

d. He shall accept and assume all risks and that he freely and voluntarily participates in the trip in spite of these risks. Release Agreement § 2.

e. He shall release, discharge, and indemnify and hold harmless Ultimate Kilimanjaro, its shareholders, directors, officers, employees, agents, volunteers, participants, and all other persons or entities associated with or acting in any capacity on their behalf from any and all claims, demands, or causes of action which are in any way connected with the subject activities including any such claims which allege negligence. Release Agreement § 3.

f. Should anyone acting on behalf of the aforementioned releasees be required to incur attorney's fees and costs to enforce the Release Agreement, Decedent shall reimburse them for all such fees and costs. Release Agreement § 4.

g. Ultimate Kilimanjaro contracts with independent contractors to provide guide services and that releasees shall not be held liable for any injury, damage, or loss arising out of the actions of any contractor involved in providing services on the trip. Release Agreement § 7.

## CAUSES OF ACTION

### *Count One: Breach of Contract*

6. The Release Agreement is as valid and binding contract.

7. Counterclaim Defendant, as Decedent's personal representative, is bound by the Release Agreement.

10

8.    Counterclaim Defendant has breached the Release Agreement by bringing the subject action and seeking to circumvent the liability waivers and releases contained therein.

9.    Counterclaim Plaintiffs are entitled to enforcement of the Release Agreement including without limitation for indemnification and specific performance resulting in the dismissal of this lawsuit with prejudice.

10.    Counterclaim Plaintiffs are entitled to an award of their attorney's fees pursuant to Section 4 of the Release Agreement.

### *Count Two: Statutory Attorney's Fees*

11.    Counterclaim Defendant has acted in bad faith, has been stubbornly litigious, and has caused Counterclaim Plaintiffs unnecessary trouble and expense so as to justify an award to Counterclaim Plaintiffs of their costs, including reasonable attorney's fees, as provided for by O.C.G.A.§ 13-6-11.

12.    As a result of Counterclaim Defendant's conduct, Counterclaim Plaintiffs are entitled to recover their costs and expenses, including without limitation attorney's fees reasonably incurred in connection with this action.

WHEREFORE, Counterclaim Plaintiffs respectfully request judgment in their favor and against the Counterclaim Defendant for the following relief:

(a) That the Court order specific performance of the Release Agreement such that Counterclaim Defendant be required to dismiss this action with prejudice;

(b) That Counterclaim Plaintiffs be awarded their reasonable attorney's fees and expenses of litigation pursuant; and

(c) Such other and further relief as the Court deems just and proper.

11

Respectfully submitted this 6th day of October 2025.

**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**


*/s/Allan C. Galis*

Allan C. Galis
Georgia Bar No. 185603
Brian E. Sopp
Georgia Bar No. 902519
*Attorneys for Defendants Ultimate Earth, LLC d/b/a*
*Ultimate Kilimanjaro; Ultimate Earth, LLC; Kevin*
*Hwang; and UEX, LLC d/b/a Ultimate Expeditions*

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31401
Telephone:  912.236.0261
Facsimile:  912.236.4936
Email: agalis@huntermaclean.com
Email: bsopp@huntermaclean.com

# EXHIBIT 1

# Ultimate Kilimanjaro

INTERNAL USE ONLY

| Trip Code | | |
|---|---|---|
| Trip Leader | Cathariya Lapma | |
| Trip Type | Group | 3 pax |
| Climb Date | 25-Aug-24 | 8 day Lemosho |
| Safari Date | 2-Sep-24 | 3 day safari |

www.UltimateKilimanjaro.com
info@ultimatekilimanjaro.com
USA Booking Office (702) 570-4970

- BOOKING FORM -

TZ Office Hotline +255 627 538 215
TZ Transfers Hotline +255 623 395 369
Call 24 hr hotlines for travel related issues

## CLIENT INFORMATON

| Trip Leader | Cathariya Lapma |
|---|---|
| Number in Party | 3 - Group |

EACH CLIMBER MUST COMPLETE A SEPARATE CLIENT INFORMATION FORM

| | |
|---|---|
| Name | William A. Milticdes Jr  (Bill) |
| Address | PO Box 14026 |
| City, State, Zip | Savannah GA 31416 |
| Country | USA |
| Phone Number | 912 656 4111 |
| Email | b.milticdes@comcast.Net |
| Date of Birth | ██████ 1967 |
| Sex (M/F) | M |
| Citizenship | USA |
| Passport Number | ██████ 5631 |
| Expiration Date | ██████ 2032 |
| Emergency Contact | Marta Milticden ██████ |

Please complete form and return by FAX to Ultimate Kilimanjaro at **(702) 570-4985.**
or by EMAIL to bookings@ultimatekilimanjaro.com

*v121422*

- EACH CLIMBER MUST COMPLETE A SEPARATE CLIENT INFORMATION FORM (PAGE 1) AND WAIVER (PAGE 4) -

**TRIP PRICE (USD)**

| item | price | | quantity | | total |
|---|---|---|---|---|---|
| 8 day Lemosho | 3,149 | x | 3 | = | 9,447 |
| 3 day safari | 1,569 | x | 3 | = | 4,707 |
| safari, single room supplement | 150 | x | 1 | = | 150 |
| airport transfers | 50 | x | 3 | = | 150 |
| extra hotels, Moshi | 99 | x | 2 | = | 198 |
| extra hotels, Arusha | 149 | x | 2 | = | 298 |
| single supplement | 259 | x | 1 | = | 259 |
| extra porter | 240 | x | 1 | = | 240 |
| | | | TOTAL | | 15,449 |
| | | | Deposit (30%) | | 4,635 |
| | | | Balance (70%) | | 10,814 |
| | | | Total | | 15,449 |

**Deposit and Balance Payment**: The deposit amount should be made to Ultimate Kilimanjaro at the time of booking. Final balance payment is due 60 days prior to arrival date. If booking date is within 60 days of arrival date, the total trip price is due. Failure to make full balance payment by the due date may result in forfeiture of the trip deposit and any partial balance payments. Ultimate Kilimanjaro reserves the right to cancel any reservation should timely final payment not be received. It is the client's responsibility to ensure payment is made by the due date. Ultimate Kilimanjaro reserves the right to increase prices after bookings are made to cover increases in park fees or taxes not in effect at the time of booking. Payment may be made by credit card (Visa and Mastercard), PayPal, Zelle or bank transfer. Payment may be split among separate credit cards or charged entirely to one credit card. Final balance will be automatically charged 60 days prior to arrival date to the credit card on file.

**Refund, Cancellation and No Shows:** A full refund of the deposit will be made if Ultimate Kilimanjaro cannot confirm your booking. Otherwise, the deposit is non-refundable. If you decide to cancel your trip, Ultimate Kilimanjaro must be notified in writing via fax. Your trip will be cancelled from the date written notice is received. If written notice is received 61 or more days from trip departure, 70% of the total trip cost will be refunded. If written notice is received between 31 and 60 days from trip departure, 20% of the safari cost will be refunded and 50% of all other trip costs will be refunded. If written notice is received less than 30 days from trip departure, the total trip cost is non-refundable. There will be no refund if a client cancels a trip, or leaves a trip for any reason either voluntarily or involuntarily after the trip has begun. No refund will be made for any services not utilized.

**Travel Insurance:** Valid travel and medical insurance is required to participate in the trip. Insurance should cover high altitude trekking, medical and repatriation costs, trip cancellation and emergency evacuation. Client must be able to provide proof of insurance to staff upon request.

**Changes to Itinerary:** Trip dates are firm and cannot be changed. Any other amendments, such as rental gear, hotel accommodations, airport transfers, etc. made to the itinerary within 60 days prior to the arrival date are at Ultimate Kilimanjaro's discretion and subject to a service fee of $100 per person.

v121422

| | CREDIT CARD PAYMENT INFORMATION |
|---|---|
| **Name** | |
| **Visa/Mastercard** | |
| **Credit Card Number** | |
| **Expiration Date** | |
| **3-Digit Card Code** | |
| **Billing Address** | |
| **City, State, Zip** | |
| **Country** | |
| **Billing Phone Number** | |

**I agree to pay the total amount above according to the card issuer agreement. I hereby authorize Ultimate Kilimanjaro to charge the above credit card for the deposit amount on today's date and to charge the balance 60 days prior to arrival date. I acknowledge that I have carefully read the Ultimate Kilimanjaro booking conditions including its policy on cancelled trips and refunds, fully understand its contents and agree to all stated conditions.**

_____    6/20/23

Signature                        Date

- EACH CLIMBER MUST COMPLETE A SEPARATE CLIENT INFORMATION FORM (PAGE 1) AND WAIVER (PAGE 4) -

page 3

# Ultimate Kilimanjaro

**INTERNAL USE ONLY**

| Trip Code | |
|---|---|
| Trip Leader | Cathariya Lapma |
| Trip Type | Group        3 pax |
| Climb Date | 25-Aug-24   8 day Lemosho |
| Safari Date | 2-Sep-24   3 day safari |

www.UltimateKilimanjaro.com
info@ultimatekilimanjaro.com
USA Booking Office (702) 570-4970

- BOOKING FORM -

TZ Office Hotline +255 627 538 215
TZ Transfers Hotline +255 623 395 369
Call 24 hr hotlines for travel related issues

## KILIMANJARO AIRPORT (JRO) PICK UP & DROP OFF (if applicable, or let us know later)

| Arrival Flight | KL 569 | Date & Time | 8/23/23   8:00 PM |
|---|---|---|---|
| Departure Flight | KL 571 | Date & Time | 9/5/23   9:10 PM |

## ITINERARY

| Date | Activity |
|---|---|
| 23-Aug-24 | Pick up at JRO. Transfer to Moshi. Overnight at hotel. |
| 24-Aug-24 | Rest Day. Overnight at hotel. |

### LEMOSHO ROUTE: 8 DAYS

| Date | | Start | Altitude(ft) | Finish | Altitude(ft) | Time(hrs) | Distance(km) |
|---|---|---|---|---|---|---|---|
| 25-Aug-24 | 1 | Londorossi Gate | 7,742 | Mti Mkubwa | 9,498 | 3-4 | 6 |
| 26-Aug-24 | 2 | Mti Mkubwa | 9,498 | Shira 1 Camp | 11,500 | 5-6 | 8 |
| 27-Aug-24 | 3 | Shira 1 Camp | 11,500 | Moir Hut | 13,580 | 5-7 | 11 |
| 28-Aug-24 | 4 | Moir Hut | 13,580 | Lava Tower | 15,190 | 4-5 | 7 |
| | | Lava Tower | 15,190 | Barranco Camp | 13,044 | 2-3 | 3 |
| 29-Aug-24 | 5 | Barranco Camp | 13,044 | Karanga Camp | 13,106 | 4-5 | 5 |
| 30-Aug-24 | 6 | Karanga Camp | 13,106 | Barafu Camp | 15,331 | 4-5 | 4 |
| 31-Aug-24 | 7 | Barafu Camp | 15,331 | Uhuru Peak | 19,341 | 7-8 | 5 |
| | | Uhuru Peak | 19,341 | Mweka Camp | 10,065 | 4-6 | 12 |
| 1-Sep-24 | 8 | Mweka Camp | 10,065 | Mweka Gate | 5,380 | 3-4 | 10 |
| | | Transfer to Moshi.  Overnight at hotel. | | | | | |

### SAFARI: 3 DAYS

| Date | | Activity |
|---|---|---|
| 2-Sep-24 | 1 | Drive to Lake Manyara for game drive. Overnight at hotel. |
| 3-Sep-24 | 2 | Proceed to Ngorongoro Crater for game drive. Overnight at hotel. |
| 4-Sep-24 | 3 | Proceed to Tarangire for game drive. Return to Arusha. Overnight at hotel. |
| 5-Sep-24 | | Transfer to JRO. End of services. |

## OTHER INFORMATION (e.g., special diet)

**1** safari, single room supplement
**3** airport transfers
**2** extra hotels, Moshi
**2** extra hotels, Arusha
**1** single supplement

- EACH CLIMBER MUST COMPLETE A SEPARATE CLIENT INFORMATION FORM (PAGE 1) AND WAIVER (PAGE 4) -

page 2

## Acknowledgement and Assumption of Risk, Release and Indemnification

In consideration of the services provided by Ultimate Kilimanjaro, its shareholders, directors, officers, employees, agents, volunteers, participants and all other persons or entities associated with or acting in any capacity on its behalf (collectively referred to as "Ultimate Kilimanjaro"), I hereby agree to release, indemnify and discharge Ultimate Kilimanjaro, on behalf of myself, my heirs, personal representative and estate and for all members of my family, including minor children, as follows:

1. I am aware that, during the trip or activity, I may be subjecting myself to dangers and hazards, which could result in physical or emotional trauma, illness, injury, paralysis, death or damage to myself, property and/or third-parties. I acknowledge that high-altitude mountain hiking entails known and unanticipated risks including, among other things: the hazards of traveling in uneven mountainous terrain and slips and falls; being struck by rock fall, ice fall or other objects dislodged or thrown from above; the forces of nature, including lightning, weather changes; the risk of falling off the rock, mountain; the risk of exposure to insect bites or animal attacks; the risk of altitude and cold including hypothermia, frostbite, acute mountain sickness, cerebral and pulmonary edema; my own physical condition; and the physical exertion associated with this activity. Additional dangers may include the hazards of traveling in the Third World; risks associated with viewing wild animals; accident or illness in remote places without access to emergency medical facilities; war, terrorism and other forces. I understand that this description of risks is not complete and that other unanticipated inherent risks may occur. I recognize that such risks, dangers and hazards may be present at any time during the trip. I also am aware that medical services or facilities may not be readily available or accessible during some or all of the time in which I am participating in the trip.

2. I expressly agree and promise to accept and assume all of the risks existing in this activity. My participation in the activity is purely voluntary, and I elect to participate in spite of the risks.

3. I hereby voluntarily release, forever discharge and agree to indemnify and hold harmless Ultimate Kilimanjaro from any and all claims, demands or causes of action which are in any way connected with my participation in this activity including any such claims which allege negligent acts or omissions of Ultimate Kilimanjaro.

4. Should Ultimate Kilimanjaro or anyone acting on their behalf be required to incur attorney's fees and costs to enforce this Agreement, I agree to reimburse them for all such fees and costs.

5. I certify that I am medically cleared to participate on this trip. I have a resting pulse rate of below 100. My pulse will be checked before starting the trek and if my resting pulse is in excess of 100 then I will be required to see a doctor before being allowed to start the trek.

6. I certify that I have the required travel insurance to cover any injury or damage I may cause or suffer while participating, and I agree to bear the costs of such injury or damage. I further certify that I am willing to assume the risk of any medical or physical condition I may have.

7. I understand that Ultimate Kilimanjaro contracts with independent contractors to provide services on the trip or activity, including transportation, accommodation, and guide services. I understand that Ultimate Kilimanjaro has no control over and accepts no responsibility for the actions of any contractor involved in providing services on the trip. Ultimate Kilimanjaro shall not be held liable for any injury, damage, and loss delay and irregularity that may be occasioned for any reason, including, but not limited to, any defect in vehicle, the acts or default of any company or person engaged in conveying passengers, acts of God, detention, delay or expenses arising from quarantine, terrorism, war, strikes, thefts, pilferage, force-majeure, civil disturbances, government restrictions or regulations, accidents by air-craft, boat, bicycle, or any other (non) motor vehicle, or any hotel, inn, restaurant or accommodation, failure of any means or transportation to arrive or depart as scheduled or changes in transit, hotel, inn, guest house or camping service.

**By signing this document, I acknowledge that I may be found by a court of law to have waived my right to maintain a lawsuit against Ultimate Kilimanjaro on the basis of any claim from which I have released them herein. I have had sufficient opportunity to read this entire document. If any part of this Agreement is deemed unenforceable, all the parts shall be given full affect to the extent possible. I have read and understand it, and I agree to be bound by its terms.**

_____          6/15/23
Signature                                                Date

Please complete form and return by FAX to Ultimate Kilimanjaro at **(702) 570-4985.**
or by EMAIL to bookings@ultimatekilimanjaro.com

- EACH CLIMBER MUST COMPLETE A SEPARATE CLIENT INFORMATION FORM (PAGE 1) AND WAIVER (PAGE 4) -

page 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| **MARY MILTIADES, as Executrix of the Estate of William Arthur Miltiades, Jr.,** ) ) ) | |
| **Plaintiff,** ) ) | |
| **vs.** ) ) ) | **Civil Action No.: 4:25-CV-00224-RSB-CLR** |
| **ULTIMATE EARTH, LLC d/b/a ULTIMATE KILIMANJARO; ULTIMATE EARTH, LLC; KEVIN HWANG; and UEX, LLC d/b/a ULTIMATE EXPEDITIONS,** ) ) ) ) ) ) | |
| **Defendants.** ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANTS' ANSWER AND COUNTERCLAIM** upon all parties to this matter by using the CM/ECF system which will send a notice of electronic filing to the following:

Brent J. Savage
Savage & Turner, P.C.
102 East Liberty Street, 8th Floor
Savannah, GA  31412
bsavage@savagelawfirm.net

This 6th day of October, 2025.

**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**

*/s/Allan C. Galis\*
Allan C. Galis
Georgia Bar No. 185603

*Attorneys for Defendants Ultimate Earth, LLC d/b/a Ultimate Kilimanjaro; Ultimate Earth, LLC; Kevin Hwang; and UEX, LLC d/b/a Ultimate Expeditions*

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31401
Telephone:  912.236.0261
Facsimile:  912.236.4936